**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6272**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GENE CONNOR,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:04-cr-0225-CMH-4; 1:05-cv-1434-CMH)

Submitted:  March 20, 2008          Decided:  April 15, 2008

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gene Connor, Appellant Pro Se. Michael J. Lovelace, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gene Connor[1] appeals from the district court's order denying his 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability on the following claims: (1) whether the district court erred in failing to consider Connor's reply brief; (2) whether the district court erred in failing to consider Connor's motion to amend; and (3) whether Connor received ineffective assistance when his attorney failed to move for a downward departure based on his prior discharged state sentence. After further briefing, we affirm the order of the district court.

All of Connor's claims rested on his contentions that he was convicted of reckless driving in Virginia and served a six month sentence. Specifically, Connor claimed first that this state conviction was improperly used at his federal sentencing both as relevant conduct and to calculate his criminal history category.[2] In addition, Connor asserted that his attorney should have moved for a downward departure under U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3, comment. (n.7) (2003)[3] (discussing departures

---

[1]Although Appellant spells his name "Conner" in his court filings, the official docket sheet identifies him as "Connor."

[2]When Connor was arrested for drug possession, he attempted to escape, and a car chase ensued. This arrest allegedly formed the basis for his state prosecution for reckless driving and the instant federal prosecution for drug offenses.

[3]In 2004, this commentary section was deleted, and the Commission instead included USSG § 5K2.23, a policy statement containing similar language.

based on "discharged term[s] of imprisonment"), because the prior conviction was used to enhance his sentence based upon reckless endangerment during flight. See USSG § 3C1.2.

Following our issuance of a certificate of appealability, the Government filed a brief and attached evidence that Connor had not, in fact, been convicted of reckless driving. Instead, that charge was nolle prossed by the state court. As such, the Government asserts that all of Connor's claims on appeal, which were each dependent on this conviction, are without merit.

Connor responded, conceding that he was not convicted of reckless driving. Thus, he has withdrawn his claim that his attorney rendered ineffective assistance by failing to object to the inclusion of the conviction in his criminal history. However, he asserts that he was, in fact, convicted in Virginia for "driving recklessly after having been found to be a habitual offender" for actions during the incident giving rise to his federal prosecution and that he was sentenced to six months in prison. Thus, he still claims that his attorney was ineffective for failing to move for a downward departure, given that Connor's sentence was enhanced based upon the same conduct underlying his state conviction. However, the document submitted by Connor in support of his contentions shows that his state charge was reduced to a misdemeanor charge of operation of a motor vehicle by a habitual offender.

The district court did not explicitly address the issues raised in either Connor's reply brief or his motion to amend his § 2255 motion. The reply brief detailed Connor's claim that his attorney should have moved for a downward departure under USSG § 5G1.3 due to his previous prison term for reckless driving. In his motion to amend, Connor sought to add the claim that his attorney failed to object when the conduct underlying his reckless driving conviction was used to enhance his sentence, while the conviction itself was also counted in the calculation of Connor's criminal history category. Given Connor's current admission that he was not convicted of reckless driving, any error by the district court was merely harmless. Both the reply brief and the motion to amend rested on incorrect factual allegations, and this conclusion is conceded by Connor.

Thus, the only remaining issue on which a certificate of appealability was granted is Connor's substantive claim that his attorney was ineffective for failing to move for a USSG § 5G1.3 departure. For the first time in his reply brief on appeal, Connor states that his attorney should have moved for such a departure based upon his conviction and prison sentence for operating a motor vehicle after being declared a habitual offender. This Class 1 misdemeanor does not require proof of reckless or dangerous driving. Instead, it only requires evidence that the defendant operated a motor vehicle after being declared a habitual offender

and having his driving privileges revoked.  See Va. Code Ann. § 46.2-357 (Michie 2005).

This factual allegation is untimely raised for the first time in a reply brief on appeal.  See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (declining to consider claim raised for the first time in reply brief).  Moreover, even examining the issue on the merits, the relevant conduct that increased Connor's sentence was different conduct that happened to occur at the same time as the conduct underlying his state conviction.  Thus, his prior offense was not the basis for an increase in his offense level. See USSG § 5G1.3(b) (providing for adjustment only where the conduct underlying the prior conviction was "the basis for an increase in the offense level of the instant offense"), comment. (n.7) (discussing discharged terms of imprisonment).  Driving by a habitual offender would not come close to satisfying the requirements of USSG § 3C1.2, and the reckless endangerment enhancement does not require any evidence that the defendant was not driving with a proper license.  Thus, any motion for a downward departure by counsel would have been without merit.  Accordingly, Connor is unable to show that he received ineffective assistance of counsel.

Therefore, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED